Dunten *verf.* Richards.

*(From Cambridge.)*

1763.

DUNTEN
*v.*
RICHARDS.

Rec. 1763.
Fol. 12.

PLAINTIFF was an Apprentice bound by his Guardian to the Defendant, who covenanted among other Things to pay the Plaintiff £80 (1) at the Expiration of the Time of his Service. This Action was Covenant broken. Oyer of the Indenture, upon which Defendant pleads that Plaintiff was not capable of ferving him as he covenanted, and that in Confideration thereof the Guardian had releafed the Payment of the £80. The Queftion was, whether the Guardian had Authority to make fuch Releafe.

It

*A Guardian who has executed his Ward's Indentures of Apprenticefhip has no Power to releafe the Mafter from his Covenant of Payment to the Ward, in Settlement of a Claim againft himfelf for Deceit, grounded on the Ward's alledged Incapacity of performing his Covenants of Service.*

---

(1) The declaration alleged that the plaintiff bound himfelf with the confent of the guardian, and that the defendant covenanted to difmifs him at the end of the term " with two fuits of apparell, one for the Sabbath and one for every day, and to give him eighty pounds in bills of public credit of the old tenor, or the value thereof in fuch money as fhall then be current," which value was alleged to have been £10 13*s.* 4*d.* The plea fet forth that the defendant was deceived and impofed upon by the guardian in binding the minor, whom he found deficient in underftanding, and not capable of learning or ferving him, wherefore he infifted that the apprentice fhould be taken back, and, after much difpute and controverfy, it was finally agreed that the mafter fhould releafe all demands on account of the impofition, and that the guardian fhould releafe the £80 as aforefaid, which was accordingly done. To this plea there was a " replication in writing, as on file, concluding to the country," and a rejoinder, after which the cafe was fent to a jury, who found for the plaintiff " three pounds money damage and cofts." The cafe was continued for argument on the fpecial plea, and judgment was finally entered for the full amount of £10 13*s.* 4*d.* It would feem that this argument muft have been on a motion for judgment *non obftante veredicto*, but as all the Middlefex files of court for 1763 are miffing, no information can be obtained except from the record.

1763.

DUNTEN
v.
RICHARDS.

It was faid by the Plaintiff that Guardians have no Right to releafe or give Difcharge but for Sums received. Moore, 852, *White* vs. *Hall.*

On the other Hand, the Guardian was a Party by their own fhewing, and releafed no other Contract than he made himfelf.

*Court* were unanimoufly of Opinion that the Guardian had no Right to Releafe. (2)

---

(2) From the pleadings in this cafe it would feem that there was no attempt to affect the guardian with any liability on the covenants of the indenture, but that the mafter's claim was on the ground of deception and impofition in inducing him to enter into it. See *Blunt* v. *Melcher*, 2 Mafs. 228. In that cafe it was held, that where a ward binds himfelf with the affent of his guardian, the words defcribing his duties are not the covenants of the guardian, though he figns and feals the indenture. But in an indenture between father, fon, and mafter, under 5 Eliz. c. 4, the father is anfwerable in covenant for what is to be performed by the fon. Com. Dig. Covenant, A 2. Doug. 518. 8 Mod. 190. 3 Dane Ab. 588. Whether a father or guardian liable on a broken covenant for fervice would have any power to releafe the mafter from a covenant beneficial to the minor, is not here decided. It is a general rule that contracts beneficial to the ward cannot be avoided by the guardian. See 13 Mafs. 240.